(No. 93-CV-1133—

*In re* APPLICATION OF JAMES PATTERSON and WILLIE J. PATTERSON

*Opinion filed December 27, 1995.*

JAMES PATTERSON and WILLIE J. PATTERSON, *pro se,* for Claimants.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

These claims are before the Court on two different crime victims compensation applications seeking compensation pursuant to the Crime Victims Compensation Act (hereinafter the "Act"). (740 ILCS 45/1, *et seq.* (1992).) Claimant, James Patterson, brother of the deceased victim, sought funeral and burial expenses arising out of the death of the victim on August 17, 1992. Claimant, Willie J.

Patterson, son of the deceased victim, is also seeking funeral and burial expenses.

On May 13, 1994, the Court, in reliance upon the investigatory report by the Attorney General's office, issued an opinion awarding the sum of $500 to James Patterson and the sum of $2,500 to James Patterson and Wallace Broadview Funeral Home. The opinion included findings that James Patterson had paid the sum of $500 of the funeral and burial expenses and still owed the sum of $3,339 to Wallace Broadview Funeral Home. The Court denied an award to Willie J. Patterson, finding that he did not incur a compensable loss under the Act.

On June 13, 1994, Willie J. Patterson filed a request to review the opinion. His written request indicated that he had proof of payment to Wallace Westend Funeral Home by the Laborers' Retirement Board Employees' Annuity and Benefit Fund of Chicago. A hearing was scheduled for October 14, 1994, before the Commissioner at which time James Patterson appeared. James Patterson was not seeking a review of the opinion. Claimant, Willie J. Patterson, did not appear and therefore, the hearing was continued.

The continued hearing was conducted on April 27, 1995, at which time Willie J. Patterson appeared and testified. Willie J. Patterson presented a photocopy of the front and back of a check dated December 23, 1992, to Wallace Westend Funeral Home as Claimant's exhibit 1. The check was drawn on an account in the name of the Laborers' Annuity and Benefit Fund. The copy of the reverse of the check indicated that it was endorsed by the funeral home and deposited in its own account. The second page of Claimant's exhibit 1 was a copy of the form entitled, "Refund to Heirs," which was signed by Willie J. Patterson on November 13, 1992. The form specified that

the Laborers' and Retirement Board Employees' Annuity and Benefit Fund of Chicago (hereinafter the "Fund") was requested and authorized to make payment to Wallace Westend Funeral Home and the balance of any sums remaining were to be paid to Willie J. Patterson.

At the April hearing, Willie J. Patterson was not sure whether the funds were death benefits, retirement benefits or deferred compensation. He presented a letter addressed to him from the Fund indicating that the Fund granted a refund to the account of the deceased victim in the amount of $40,224.22. The letter also indicated that the sum of $3,839 was going to be deducted and paid to the funeral home. It appears that this payment is not a death benefit but part of the retirement refund.

The Respondent indicated that the funeral home may have been paid twice, once by the Fund and also by the State. The funeral home signed an affidavit indicating payment from James Patterson. According to Willie J. Patterson, James Patterson was with him on November 13, 1992, when he signed the "Refund to Heirs" form and was aware that the sum stated would be paid to the funeral home.

A second continued hearing was held on July 30, 1995. The order setting the hearing was mailed to both Claimants. At the July hearing, Willie J. Patterson appeared. James Patterson did not appear. Mr. Vernon Wallace, the owner of Wallace Westend Funeral Home, appeared pursuant to subpoena by the Attorney General's office. Willie J. Patterson testified that James Patterson was not a beneficiary of the Fund. James Patterson filed the crime victims compensation application before he knew anything about it. He received a bill from Wallace Funeral Home for $3,839.

Mr. Wallace testified that he received the $3,839 from the Fund and received the $2,500 from the State.

He agreed that the funeral home was paid twice. He stated that his records indicated that he refunded the $2,500 paid by the State to James Patterson. He also believes he saw Willie J. Patterson in his office. He believes James Patterson indicated that the money should be reimbursed to him because he, James Patterson, forwarded the Fund's payment to the funeral home. Mr. Wallace did not recall whether the $2,500 check from the State was co-payable to James Patterson and the funeral home. He did not recall whether James Patterson specifically requested a refund. It is his normal procedure to refund automatically when he receives an overpayment. Mr. Wallace indicated that he would provide copies of his records within one day of the hearing. However, no records have been received from Mr. Wallace.

On July 20, 1995, Respondent sent a letter to James Patterson asking him to contact the Attorney General's office. On August 24, 1995, the Respondent sent a letter to the Commissioner which indicated that Todd Magee, nephew of James Patterson, requested, via a telephone conversation, another date so that testimony could be presented that Willie J. Patterson was not telling the truth. On August 29, 1995, the Commissioner had a telephone conference with the Respondent and confirmed that the Attorney General's office had not received documents from Mr. Wallace.

Subsequent to the July hearing, the Court received copies of the two State warrants, together with copies of the reverse sides showing the endorsements. Exhibit number 2 is a copy of warrant number 9614231, dated May 26, 1994, payable in the sum of $2,500 made co-payable to Patterson, James & Wallace Broadview Funeral Home. The reverse side indicates that both James Patterson and Vernon Wallace endorsed the check and it was

apparently deposited in the funeral home's account on approximately June 14, 1994. The endorsements and deposit took place approximately 18 months *after* Wallace Westend Funeral Home received payment from the Fund. (Emphasis added.) Exhibit number 3 is a $500 warrant, dated May 26, 1994, and is payable to James Patterson. It was apparently endorsed and cashed by James Patterson on June 1, 1994.

Based on the evidence, the Court finds that Willie J. Patterson directed the Laborers' Annuity and Benefit Fund to pay $3,839 to Wallace Westend Funeral Home for the funeral and burial of the deceased victim. The Fund paid the sum requested to the funeral home. Section 10.1(c) of the Act allows a relative of the deceased victim to seek compensation for funeral expenses which he has paid or is obligated to pay. Section 10.1(e) provides that an award shall be reduced by the amount of benefits, payments or awards listed in section 7.1(a)(7) of the Act. Clause (j) of subsection (a)(7) requires the listing of "any other source." The payment from the Fund falls into the "other source" category.

Section 10.1(e) expressly excepts from the reduction requirement:

"* * * annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000 of life insurance that would inure to the benefit of the applicant * * *."

The Court further finds that the $40,224.22, and particularly the portion thereof used for funeral expenses, was a benefit, award or payment from "other sources" and reduced the funeral expenses paid by Willie J. Patterson, and therefore, Claimant, Willie J. Patterson, is not entitled to any compensation under the Act.

The Act specifically provides that benefits, payments or awards payable from pension plans do not reduce an

award pursuant to the Act *except* when such payments are payable to "dependents" of the victim. Willie J. Patterson has not shown that he was dependent on the deceased victim. The use of the words "pension plans" in the reduction exception indicates that the General Assembly intended to exempt payments from pension plans only when received by dependents. It is reasonable to conclude that the General Assembly, therefore, intended for payments from pension plans to be included as "other sources" and reduce awards when received by non-dependents. Therefore, the exception cannot apply to the receipt of funds by Willie J. Patterson and any award should be reduced by the full amount paid by the Fund.

In relation to James Patterson, there is nothing in the record to indicate that he did not advance $500 for the funeral expenses. The $500 payment was made prior to the $3,839 payment by the Fund. There is nothing in the record that indicates James Patterson was obligated to pay the additional $3,339 in funeral expenses. The issue becomes more complex by virtue of the awards made and warrants delivered to James Patterson and the funeral home in May of 1994, some 18 months after the date of the Fund's payment of *all* funeral expenses. Additionally, James Patterson and Mr. Wallace endorsed and cashed their warrants. It appears that either Mr. Wallace, or James Patterson, knowingly received $2,500 from the State that should have been returned to the State.

The Court strongly recommends that the Attorney General investigate and prosecute the individuals responsible for the knowing receipt or conversion of State warrant number 9614231 in the sum of $2,500.

The Crime Victims Compensation Act is a secondary source of compensation. In this case, the entire funeral bill was paid by another source. Claimant, Willie J. Patterson,

has failed to prove by a preponderance of the evidence that he is entitled to compensation.

For the foregoing reasons, it is hereby ordered:

A. That the claim of Claimant, Willie J. Patterson, is denied.

B. That the Attorney General shall be notified of this opinion.

C. That the Court strongly recommends that the Attorney General investigate and prosecute the individual or individuals responsible for the knowing receipt or conversion of State warrant number 9614231 in the sum of $2,500.